IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ELVIN BOCOOK, JR.,**

    **Petitioner,**                                  **CASE NO. 2:05-cv-995**
                                                     **CRIM. NO. 2:04-cr-18(1)**
                                                     **JUDGE MARBLEY**
                                                     **MAGISTRATE JUDGE ABEL**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### ORDER and
### REPORT AND RECOMMENDATION

    Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.

    This case involves petitioner's July 2004 convictions pursuant to his guilty plea on conspiracy to commit armed bank robbery, armed bank robbery, unarmed bank robbery, and possession of a firearm during and in relation to a crime of violence. Petitioner was sentenced to 1140 months imprisonment. He never filed an appeal. In these 2255 proceedings, petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary, and that he was denied the effective assistance of counsel because it was his understanding that he would be sentenced to 120 months imprisonment. Petitioner also asserts that he was denied the right to appeal because he requested counsel to file an appeal, but his attorney failed to do so.

    For the reasons that follow, the Magistrate Judge concludes that all of petitioner's claims are without merit and therefore **RECOMMENDS** that this action be **DISMISSED**. Petitioner's request

for an evidentiary hearing is **DENIED**.

## I. PROCEDURAL HISTORY

On February 13, 2004, petitioner was charged by information with co-defendants Connie Bocook and Johnathan West on conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §371, four counts of armed bank robbery, in violation of 18 U.S.C. §2113(a), (d), (2), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(i). Doc. No. 15.  On February 20, 2004, petitioner also was charged by information in the Western District of North Carolina in Case No. 2:04-cr-069 on one count of unarmed bank robbery, in violation of 18 U.S.C. §2113(a).  The cases were consolidated for consideration before this Court without objection.  Doc. Nos. 25, 32.  On July 2, 2004, while represented by counsel and pursuant to a plea agreement, petitioner pleaded guilty to all charges.  Doc. No. 33.  On October 29, 2004, petitioner was sentenced to an aggregate term of 140 months imprisonment.  Doc. No. 50.  He never filed an appeal.

On October 31, 2005, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.  He asserts as follows:

> 1. Petitioner's plea was made in a way that was not voluntary, without understanding as to the consequences regarding the size of the sentence to be imposed.
>
> Attorney Nathan S. Akamine told petitioner that his guilty plea ensured him that he would receive a total prison sentence on all counts of ten years or 120 months.  Petitioner entered his plea of guilty on that basis, but later he received eleven years 8 months, or 140 months total prison sentence.  This was 20 months above what petitioner understood to be the terms of the agreement, as explained to him by said attorney.  Petitioner's rights under the 4th and 5th Amendments of the U.S. Constitution were violated.
>
> 2. Petitioner experienced denial of his right to direct appeal.

> Both petitioner and petitioner's sister spoke to attorney Nathan S. Akamine requesting that he file a direct appeal regarding petitioner's sentence. In both cases the said attorney refused to file an appeal regarding petitioner's sentence. Attorney Akamine at no point gave a legitimate reason [for] refusing to appeal petitioner's sentence. Petitioner's rights under the 4th and 5th Amendments of the U.S. Constitution were violated.
>
> 3. Petitioner was denied the effective assistance of counsel.
>
> Because attorney Nathan Akamine either misrepresented the plea agreement or failed to stop the government from breaching the plea agreement, therefore, the petitioner received a sentence 20 months larger than what the said attorney told him he would receive. Attorney Akakmine made the petitioner reasonably believe that his plea of guilty was in exchange for a prison sentence of 120 months, then refused to appeal the incorrect sentence the petitioner did not bargain for. Petitioner's rights under the 6th Amendment of the U.S. Constitution were violated.

It is the position of the respondent that petitioner's claims are without merit.

## II.  MERITS

Petitioner asserts that his guilty plea was not knowing, intelligent or voluntary and that he was denied the effective assistance of counsel because it was his understanding that, pursuant to the terms of his plea agreement, he would be sentenced to 120 months incarceration instead of the 140 months sentence he received.

In response to petitioner's allegations, respondent has submitted an affidavit from defense counsel, Nathan Akamine, which indicates in relevant part:

> I never told Mr. Bocook that his sentence would be ten years or 120 months            .
>
> Mr. Bocook's pre-sentence investigation report recommended a sentence of 142 months.
>
> I do recall several discussions in which Mr. Bocook asked how much penitentiary time he would do, with the benefit of "good time."

3

> I told him that, if he qualified for such a benefit, he would serve approximately eighty-five percent of his term.
>
> Eighty-five percent of his anticipated sentence was one-hundred twenty one (121) months... just over ten years.
>
> I stressed that this was if he qualified for "good time" and was only an approximation.

*Affidavit of Nathan Akamine*.

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

Additionally, because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "'The standard was and

4

remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988)(quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the Court must look at the totality of circumstances surrounding the plea. *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

A criminal defendant cannot successfully challenge the voluntariness of his plea simply because the government is responsible for some of the factors motivating him to plead. *Brady v. United States*, 397 U.S. 742, 750 (1970). However, the prosecutor must keep any promises he made in the plea agreement. *Bordenkircher v. Hayes*, 434 U.S. 357, 362 (1978). When a prisoner challenges his guilty plea on the basis that it was induced by an unkept promise, the Court must determine whether the allegation, when viewed against the record of the plea hearing, is so palpably incredible, so patently frivolous or false, as to warrant a summary dismissal. *Blackledge v. Allison,* 431 U.S. 63, 76 (1977). In applying this standard, the Court will indulge a strong presumption that statements made by the parties at the plea hearing were truthful. *Id*., at 74.

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id*., at 74.

Petitioner's allegations are belied by the record before this Court. On February 11, 2004, petitioner signed a plea agreement indicating that he understood the maximum possible penalties he faced, and stating:

> Defendant Elvin Bocook, Jr. is aware that his sentence will be imposed in accordance with the sentencing guidelines and policy statements. The Defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the Defendant pleads guilty. The Defendant is aware that the Court has not yet determined a sentence. The Defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the Defendant may have received from his counsel, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The United States makes no promise or representation concerning what sentence the Defendant will receive and the Defendant cannot withdraw his guilty pleas based upon the actual sentence.

*Plea Agreement,* Doc. No. 16.

At the time of his guilty plea, petitioner stated that he was not under the influence of any drugs or medication. *Transcript, Guilty Plea,* July 2, 2004, at 13. Counsel for petitioner had no doubt as to petitioner's competence to plead guilty. *Id.* The plea colloquy further indicates:

> COURT: Do you... understand the nature and meaning of the charges?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.
>
> \*\*\*
>
> COURT: Do you believe that your lawyer is fully informed about the facts and circumstances on which the charges are based?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.
>
> \*\*\*
>
> COURT: Did your lawyer fully advise you on the nature and meaning of the charges and any defenses to the charges that you might have?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.
>
> \*\*\*

> COURT: Are you satisfied with your lawyer's advice and representation?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.

*Id.*, at 16-17. The Court explicitly advised petitioner of the elements of the offenses charged, and of the maximum penalties he faced. Petitioner at all times stated that he understood. *Id.*, at 17-22. The Court advised petitioner:

> COURT: Do you understand that if the Court accepts your... pleas of guilty, I can impose the maximum penalties set forth?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.
>
> \*\*\*
>
> COURT: Do you understand that if your pleas of guilty are accepted, the Court can impose the same penalty as though you pleaded not guilty, stood trial and were convicted by a jury?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.
>
> \*\*\*
>
> COURT: Under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the appropriate sentence in a given criminal case. Have you and your attorneys discussed how the sentencing commission guidelines might apply to your case?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.
>
> \*\*\*
>
> COURT: Do you understand that the Court is not bound by any stipulation of facts between you and the government and the Court may, with the aid of the presentence report, determine the facts relevant to sentencing?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.
>
> \*\*\*

> COURT: Do you understand that after it has been determined what guideline applies to a case, the Court has the authority in some circumstances to impose a sentence that is more severe or less severe than that called for by the guidelines?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.
>
> \*\*\*
>
> COURT: Do you understand that if the sentence is more severe than you expected, you will still be bound by your plea and will have no right to withdraw it?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.

*Id.*, at 22-26. Petitioner was advised of all of the rights that he was waiving by virtue of his guilty plea. At all times he stated that he understood. *Id.*, at 28-29. The Assistant United States Attorney stated the terms of the plea agreement:

> Each defendant... is aware that their sentence will be imposed in accordance with the sentencing guidelines. They are aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offenses to which they have entered guilty pleas. They are aware that the Court has not yet determined a sentence.
>
> They are also aware that any estimate of the probable sentencing range under the sentencing guidelines that they may have received from their counsel, the United States, or the probation office is merely a prediction and not a promise and is not binding on the United States, the probation office; and, most importantly, the Court. The United States at this time makes no promise or recommendation as to the sentence they will receive and the defendants may not withdraw their guilty pleas based upon the actual sentences awarded.

*Id.*, at 32-33.

> Your Honor, there are no additional promises or conditions....

*Id.*, at 35. Petitioner stated that the government had accurately described the plea agreement as he understood it. *Id.* When asked by the Court if anyone had made any other or different promises or

assurances of any kind that caused him to plead guilty, petitioner stated, "No, sir." *Id*., at 36.

> COURT: Aside from the plea agreement which we have just discussed, has any person, including an agent or officer of the government, or any of the lawyers in this case, promised or even suggested that you will receive a lighter sentence or some other form of leniency in exchange for your plea of guilty?
>
> \*\*\*
>
> Mr. Bocook, do you understand the Court's question?
>
> DEFENDANT: Yes, I understand.
>
> COURT: Are you sure that no one has promised you anything?
>
> DEFENDANT ELVIN BOCOOK: No.
>
> \*\*\*
>
> COURT: Is your decision to plead guilty your own free and voluntary act?
>
> DEFENDANT ELVIN BOCOOK: Yes, sir.
>
> \*\*\*
>
> COURT: Have you been subjected to any threats or force of any kind which caused you to plead guilty?
>
> DEFENDANT ELVIN BOCOOK: No, sir.

*Id.,* at 36-37. Petitioner agreed with the government's statement of facts. *Id.*, at 42. He admitted guilt, and again stated that he wanted to plead guilty. *Id.*, at 42-43.

At sentencing, petitioner stated that he had received a copy of the PreSentence Investigation Report at least ten days earlier, and that he had reviewed the report with his attorney. *Sentencing Transcript*, October 29, 2004, at 2-3. As noted by respondent, the PreSentence Investigation Report reflected that petitioner's minimum sentence under the United States Sentencing Guidelines was 138

9

months. *PreSentence Investigation Report,* ¶¶144, 145. When asked if he had any remarks to make, petitioner stated solely:

> I'm just sorry for being in front of you today over drugs. Now maybe I can go get some help for my habit and come out of this a better person for my family and to the public.
>
> Thank you.

*Id*., at 6.

Petitioner faced a maximum of five years on count one, twenty-five years on each of counts two through five, a 60 year mandatory consecutive sentence on count six, in addition to twenty years in Case No. 2:04-cr-069 from in the Western District of North Carolina. *See PreSentence Investigation Report.* By pleading guilty, obtained a three point reduction in his recommended sentence for timely notifying authorities and acceptance of responsibility. *Id*., at 107, 108. Additionally, the government agreed not to file any additional charges arising out of the incidents charged. *Plea Agreement*, Doc. No. 16. Respondent notes that petitioner could have been charged for three additional counts of 18 U.S.C. 924(c), which would have resulted in an additional mandatory 75 year consecutive sentence. *Return of Writ*, at 12, n.2. Further, petitioner points to nothing in the record that suggest that the government would not have been unable to prove the charges against him beyond a reasonable doubt.

In view of all of the foregoing, petitioner has failed to establish the ineffective assistance of counsel, or that his guilty plea was not knowing, intelligent or voluntary because he thought he would be sentenced to 120 months rather than 140 months.

Petitioner also asserts that he was denied the effective assistance of counsel because his attorney failed to file an appeal after petitioner requested him to do so. "[A]n attorney's failure to

file a requested appeal constitutes a per se violation of the Sixth Amendment." *Deitz v. Money*, 391 F.3d 804, 811 (6th Cir. 2004).  However, again, petitioner's allegation that he requested his attorney to file an appeal is incredible in view of the record before this Court.

At the time of his guilty plea, the Court advised petitioner that he had the right to appeal, and petitioner stated that he understood. *Transcript, Guilty Plea*, at 27.  Again, at sentencing, the Court advised petitioner:

> Mr. Bocook, you have the right to appeal this sentence.  If you cannot afford the appeal, you have the right to apply for leave to file an appeal *in forma pauperis*, which means without the payment of any cost or expense to you.  If that application is granted, the clerk of court will prepare or file a notice of appeal on your request.  Any notice of appeal must be filed within 10 days of the tme that I enter judgment on your sentence.
>
> Do you wish the Court to direct the clerk's office to file a notice of appeal on your behalf at this time?
>
> DEFENDANT: No.

*Id.*, at 10.  Petitioner nonetheless alleges that, after telling the Court he did not want to appeal, he asked his attorney to file an appeal as they were walking out of the courtroom after the sentencing hearing. *Traverse*, at 3.  Defense counsel, however, does not recall any such conversation.  Counsel states in his affidavit:

> I am not licensed to argue appeals before the Sixth Circuit Court of Appeals.
>
> ***
>
> I do not recall ever being asked by Elvin Bocook to file a direct appeal on his case.
>
> I vaguely recall speaking with a female, several months after sentencing, regarding the possibility of an appeal for Mr. Bocook.

11

> I told the female that I am not licensed to practice before the Sixth Circuit of Appeals.
>
> I further informed the female that she or Mr. Bocook could contact the court for approved court appointed appellate attorneys.

*Affidavit of Nathan Akamine.*

The Court notes that petitioner waited almost one year before raising his allegation that he requested his attorney to file an appeal. In view of the foregoing, and in light of petitioner's on-the-record statement at sentencing that he did not want to appeal, petitioner's allegation now to the contrary is not credible.

In sum, and for all of the foregoing reasons, the Magistrate Judge concludes that all of petitioner's claims are without merit and therefore **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge
